WILLIAM R. WORNELL AND ANOTHER, v. THOMAS B. WILLIAMS, ADMINISTRATOR.

A plea by the sureties of the purchaser at an Administrator's sale, in a suit on the note given for the purchase money, that they became sureties in consideration of the requirement of the statute, and of the order of Court; that a mortgage should be taken on the property by the administrator, to secure the note ; that they would not have become such sureties, but for that require-- ment, and the belief and assurance that it would be complied with; and that a mortgage was not taken by the plaintiff, in pursuance to a collusive and fraudulent understanding between the purchaser, who was, at the time, Chief Justice of the County, and the plaintiff; and that the purchaser soon afterwards conveyed the property (a slave) to some remote point and sold him ; and that, by the negligent and fraudulent conduct of the plaintiff, the securities required by law and the said order, have been omitted and lessened to the injury and detriment of these defendants ; held to be bad on general demurrer.

It does not become necessary in this case, to inquire whether, in case of actual imposition, practiced upon the sureties of a purchaser at administrator's sale, by the administrator, in not taking a lien upon the property to secure the payment of the note given for the purchase money, they would be entitled to relief, as against the estate, or would be turned over to their recourse upon the administrator, personally, for the redress of any injury they may have sustained.

Error from Rusk.    Tried below before the Hon. William W. Morris.

Suit by appellee against appellants, on a joint and several promissory note, signed by defendants and one J. E. Glascock, who was alleged to have since died.

Defendants demurred, denied all and singular, and pleaded specially as follows : That the note sued on and set out in said petition, was made and given by one James E. Glascock, as principal, and these defendants, as sureties for said Glascock : that the consideration of said note, as is expressed therein,

was a negro slave, named Samuel, belonging to the estate of Joseph and Martha Williams, the plaintiff's intestates; that said slave was sold by the plaintiff, in obedience to an order of the County Court of Rusk, aforesaid, sitting as a Court of Probate, at the November Term, 1851 ; and that, at the sale, the said Glascock became the purchaser of said slave, for the amount of said note. Further answering, these defendants say, that the said order of sale directed the plaintiff to sell the slaves therein mentioned, upon a credit of twelve months ; that he should take from the purchasers thereof two good sureties, as well as mortgages upon the property, as is provided by the statute in such cases made ; and that said plaintiff failed, neglected and refused, to take the required mortgage upon the said slave Samuel, from the said Glascock. Further answering, these defendants say, that they became sureties to the note aforesaid, in consideration of the requirement made by the statute and said order, that a mortgage should be taken upon the said slave ; and they would not have become sureties, but for that requirement, and the belief and assurance that it would be complied with. Further answering, these defendants say, that said Glascock, at the time said order was made, and at the time of said sale and the confirmation thereof, was Chief Justice for the said County of Rusk ; that they are informed, and believe, that the said mortgage was not taken by the plaintiff, in pursuance of a collusive and fraudulent understanding between the said Glascock and the plaintiff ; that said Glascock, soon after his said purchase, conveyed said slave to some remote point and sold him; and that, by the negligent and fraudulent conduct of the plaintiff, the securities, required by law and the said order, have been omitted and lessened, to the injury and detriment of these defendants.

The Court sustained a general demurrer to this plea ; and it appeared, notwithstanding, that defendants offered evidence to prove the facts therein alleged, which being excluded, defendants excepted.

Verdict and judgment for plaintiff, &c.

*T. W. Jones*, for plaintiffs in error, cited Burge on Surety-ship, 214, 218 ; Smith v. Doake, 3 Tex. R. 215.

It may be said that the sureties have no right to complain, since the statute requiring a mortgage to be taken, was not made to protect the personal securities of the purchaser, but to protect the estate of the intestate. To this I reply, that they had the right to throw themselves on their contract ; that the fraud perpetrated upon them by the administrator and purchaser of the slave, vacated the contract as to them, and that they had a right to the mortgage on the slave, to in-demnify themselves in case they should be compelled to pay the debt.

*N. G. Bagley*, for defendant in error. The defendants did not allege, in their answer, that there was any intent to de-fraud them, on the part of the plaintiff ; and if they had alle-ged a combination and an intent on the part of the plaintiff and Glascock, to cheat and defraud them, and had proved the fact, it would not have been a defense to the note ; as they had the means of knowing all the facts, the note not having been given until the return of the sale to the Probate Court, and it confirmed by the Court. The only object of the statute in requiring security on the notes of sale, was to secure the payment of the money, in the event that property so sold was run off and sold to innocent purchasers.

WHEELER, J. The question is, whether there was error in the ruling of the Court sustaining exceptions to the plea, and. excluding evidence in support of it ; and we are of opinion there was not. The substantive matter of the plea is, that the defendants became sureties for the purchaser of the pro-perty, in the expectation and confidence that the administra-tor would perform his duty to the estate he represented, in

taking the mortgage security required by law and the order of the Probate Court. There is no allegation that they were deceived, or induced to become sureties, by any false promises or representations of the plaintiff; or that any actual fraud was practiced upon them. There is a charge of fraudulent combination between the plaintiff and the purchaser; but whether it was for the purpose of defrauding the estate or the defendants, or whether it was intended, or had the effect, to deceive or injure any one, is not alleged. There is no allegation of any actual deception, imposition or fraud, practiced upon the defendants. The only ground for relief, really disclosed by the plea, is, that the plaintiff did not perform his duty by taking the required additional security. The taking of that security should have been contemporaneous with the taking of the note upon which the defendants became sureties. (Hart. Dig. Art. 1181.) If they intended to become such, only upon the taking of the mortgage upon the property, it became them, before giving their note, to see that the mortgage security was taken. There was nothing to prevent them from doing so. If, instead of taking that precaution, they saw fit to trust to the prudence and discretion of the administrator, the estate he represents cannot be made to bear the consequence of the want of their vigilance and care. They cannot make a hardship, against which they had ample power and opportunity to provide, a ground to relieve them from their obligation to the estate. On this ground, it is clear, the Court rightly adjudged the plea insufficient. It does not become necessary, in this case, to inquire whether, in case of actual imposition practiced upon them by the administrator, they would have been entitled to relief as against the estate, or would have been turned over to their recourse upon the administrator, personally, for the redress of any injury they may have sustained. That question may be considered when its decision becomes necessary. For the disposition of the present case, it will suffiice to say, the exceptions to the plea were

rightly sustained, and consequently, the evidence offered in support of it was properly excluded; and there is no error in the judgment.

Judgment affirmed.